FILED

2021 May-18 PM 02:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| KEESHA RIDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:20-cv-488-GMB |
| | ) |
| ANDREW M. SAUL, Commissioner, | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

On May 14, 2018, Plaintiff Keesha Rider filed an application for a period of disability and disability insurance benefits ("DIB"). Her alleged disability onset date is October 28, 2016.[1] Rider's application for benefits was denied at the initial administrative level. She then requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ held a hearing on January 15, 2019, and denied Rider's claims on April 10, 2019. Rider requested a review of the ALJ's decision by the Appeals Council, which declined review on February 12, 2020. As a result, the ALJ's decision became the final decision of the Commissioner of the Social Security Administration (the "Commissioner") as of February 12, 2020.

Rider's case is now before the court for review pursuant to 42 U.S.C.

---

[1] Her original alleged disability onset date was May 1, 2013, but at the hearing Rider amended her alleged onset date to correspond with an unfavorable decision dated October 27, 2016. R. 49.

§§ 405(g) and 1383(c)(3).  Under 28 U.S.C. § 636(c)(1) and Rule 73 of the Federal Rules of Civil Procedure, the parties have consented to the full jurisdiction of a United States Magistrate Judge. Doc. 13.  Based on a review of the parties' submissions, the relevant law, and the record as a whole, the court concludes that the decision of the Commissioner is due to be affirmed.

## I.  STANDARD OF REVIEW[2]

The court reviews a Social Security appeal to determine whether the Commissioner's decision "is supported by substantial evidence and based upon proper legal standards." *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997). The court will reverse the Commissioner's decision if it is convinced that the decision was not supported by substantial evidence or that the proper legal standards were not applied. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991).  The court "may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner," but rather "must defer to the Commissioner's decision if it is supported by substantial evidence." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1997) (citation and internal quotation marks omitted). "Even if the evidence preponderates against the Secretary's factual findings, [the

---

[2] In general, the legal standards are the same whether a claimant seeks DIB or Supplemental Security Income ("SSI").  However, separate, parallel statutes and regulations exist for DIB and SSI claims.  Therefore, citations in this opinion should be considered to reference the appropriate parallel provision as context dictates.  The same applies to citations for statutes or regulations found in excerpted court decisions.

court] must affirm if the decision reached is supported by substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Moreover, reversal is not warranted even if the court itself would have reached a result contrary to that of the factfinder. *See Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

The substantial evidence standard is met "if a reasonable person would accept the evidence in the record as adequate to support the challenged conclusion." *Holladay v. Bowen*, 848 F.2d 1206, 1208 (11th Cir. 1988) (quoting *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983)). The requisite evidentiary showing has been described as "more than a scintilla, but less than a preponderance." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The court must scrutinize the entire record to determine the reasonableness of the decision reached and cannot "act as [an] automaton[] in reviewing the [Commissioner's] decision." *Hale v. Bowen*, 831 F.2d 1007, 1010 (11th Cir. 1987). Thus, the court must consider evidence both favorable and unfavorable to the Commissioner's decision. *Swindle v. Sullivan*, 914 F.2d 222, 225 (11th Cir. 1990).

The court will reverse the Commissioner's decision on plenary review if the decision applies incorrect law or fails to provide the court with sufficient reasoning to determine that the Commissioner properly applied the law. *Grant v. Astrue*, 255 F. App'x 374, 375–76 (11th Cir. 2007) (citing *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994)). There is no presumption that the

Commissioner's conclusions of law are valid. *Id.*

## II.  STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits, a claimant must show the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 416(i).  A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).  Plaintiff bears the burden of proving that she is disabled and is responsible for producing evidence sufficient to support her claim. *See Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

A determination of disability under the Social Security Act requires a five-step analysis. 20 C.F.R. § 404.1520(a).  The Commissioner must determine in sequence:

(1) Is the claimant presently unable to engage in substantial gainful activity?
(2) Are the claimant's impairments severe?
(3) Do the claimant's impairments satisfy or medically equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
(4) Is the claimant unable to perform her former occupation?
(5) Is the claimant unable to perform other work given her residual functional capacity, age, education, and work experience?

*See Frame v. Comm'r, Soc. Sec. Admin.*, 596 F. App'x 908, 910 (11th Cir. 2015). "An affirmative answer to any of the above questions leads either to the next question, or, [at] steps three and five, to a finding of disability.  A negative answer to any question, other than at step three, leads to a determination of 'not disabled.'" *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986) (quoting 20 C.F.R. § 416.920(a)−(f)).  "Once the finding is made that a claimant cannot return to prior work the burden of proof shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citing *Gibson v. Heckler*, 762 F.2d 1516 (11th Cir. 1985)).

## III.  RELEVANT FACTUAL BACKGROUND

Rider was born in 1975 and was 42 years old on her alleged onset date. R. 34. Her primary complaint is chronic pain from a degenerative disc in her back. R. 55. In her disability report, Rider alleged the following medical conditions: type 2 diabetes, fibromyalgia, chronic kidney disease stage 3, cervical radiculopathy, degenerative joint disease of the spine, polycythemia, leukocytosis, ventral hernia without obstruction or gangrene, cervical neck with evidence of disease, and essential hypertension. R. 186.

Rider completed the tenth grade but left school at the age of 16 to get married. R. 54–55.  She did not get her GED or obtain any other vocational training after she left school. R. 55.  Her past work experience includes employment as a home health

aide, general clerk, and newspaper carrier. R. 53.  She testified that she stopped working in 2013 after she had a "big surgery" that forced her to miss too much work because of the pain she experienced. R. 54.

Rider testified that her pain lasts all day and she cannot sit or stand for very long. R. 55–56.  Her feet and legs swell if she sits for extended periods of time. R. 62, 63.  Rider claimed that she has difficulty pouring even a glass of milk because her hands shake. R. 66.  The pain medication makes her drowsy, and her medications in combination affect her concentration. R. 56–58, 61.  She does not sleep well at night and has to take three to four naps[3] per day because of her medication. R. 62.

The ALJ issued her decision on April 10, 2019. R. 35.  Under step one of the five-step evaluation process, she found that Rider has not engaged in substantial gainful activity since October 28, 2016. R. 25.  The ALJ concluded that Rider suffers from the severe impairments of diabetes milletus, cervical degenerative disc disease, chronic kidney disease, and obesity.[4] R. 25–28.  The ALJ noted that these medically determinable impairments cause more than minimal limitations to her ability to perform basis work activities. R. 25.  But the ALJ concluded at step three of the analysis that none of Rider's impairments satisfied or medically equaled the severity of one of those listed in the applicable regulations. R. 28.

---

[3] Rider stated that each nap lasts 30 minutes to one hour. R. 62.
[4] The ALJ found Rider's other alleged impairments to be non-severe. R. 25–28.  Rider does not challenge these findings.

Before proceeding to the fourth step, the ALJ determined that Rider had the residual functional capacity ("RFC") to perform a limited range of light work. R. 28. More specifically, the ALJ found that Rider had the following limitations with respect to light work, as defined in 20 C.F.R. § 404.1567(b):

> she could occasionally climb ramps and stairs, never scaffolds or ladders.  Occasionally balance, stoop, crouch kneel or crawl, and she should avoid exposure to hazards.

R. 28.   At the fourth step, the ALJ considered Rider's age, education, work experience, and RFC in determining that she was capable of performing her past relevant work as a clerk/newspaper carrier. R. 33.   In the alternative, the ALJ determined that there were other jobs existing in the national economy that Rider could perform, including work as a cashier II, marker, and housekeeping cleaner. R. 33–35.   Therefore, the ALJ concluded that Rider was not disabled within the meaning of the Social Security Act from October 28, 2016 through December 31, 2017, the date last insured. R. 35.   Based on these findings, the ALJ denied Rider's application for benefits. R. 35.

## IV.  DISCUSSION

Rider makes one argument in favor of remand: the ALJ did not properly evaluate the credibility of Rider's complaints of pain related to her back and neck pain. Doc. 18 at 9–13.   The Commissioner contends that substantial evidence supports the ALJ's subjective complaint analysis. Doc. 20 at 5–13.  For the following

reasons, the court finds that substantial evidence does support the ALJ's determination and that the ALJ applied the proper standards to reach her conclusions.

In addressing a claimant's subjective description of pain and symptoms, the law is clear:

> In order to establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.  If the ALJ discredits subjective testimony, he must articulate explicit and adequate reasons for doing so.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (citations omitted); *see also* 20 C.F.R. §§ 404.1529.  If a claimant satisfies the first part of the test, the ALJ must evaluate the symptoms' intensity, persistence, and effect on the claimant's ability to work. *See* 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. §§ 404.1529(c) & (d); 20 C.F.R. §§ 416.929(c) & (d).  While evaluating the evidence, the ALJ must consider whether inconsistencies exist within the evidence or between the claimant's statements and the evidence, including his history, medical signs and laboratory findings, and statements by medical sources or other sources about how her symptoms affect her. 20 C.F.R. §§ 404.1529(c)(4) & 416.929(c)(4).  In determining whether substantial evidence supports an ALJ's credibility determination, "[t]he question is not . . . whether the ALJ could have reasonably credited [the claimant's]

testimony, but whether the ALJ was clearly wrong to discredit it." *Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 939 (11th Cir. 2011).   The ALJ is not required to conduct an explicit symptom analysis, but the reasons for his or her findings must be clear enough that they are obvious to a reviewing court. *See Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995).   "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Id.* (citation omitted).

The ALJ found that Rider's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but her statements regarding the intensity, persistence, and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence in the record. R. 29.   This determination is supported by substantial evidence.

The ALJ thoroughly examined the medical evidence in determining that Rider's subjective complaints of pain were not entirely credible. R. 28–33.   The ALJ specifically found that her complaints of disabling pain were inconsistent with the following medical evidence:

- November 8, 2016 treatment notes referenced a cervical spine MRI performed in January 2016,[5] which showed multilevel degenerative disc disease with mild disc protrusions at C5–6 and C6–7, and some neural foraminal narrowing (R. 770), and on examination, there were complaints of tenderness to palpation of the paraspinal muscles, but Rider had full range of motion in the spine and her straight leg testing was negative. R. 773.   The notes also state

---

[5] As the ALJ noted, the report regarding this MRI is not in the record.

that Rider was going to the gym daily. R. 770.  Rider began medication and was prescribed physical therapy. R. 774.

- Treatment notes from December 8, 2016, revealed continued complaints of pain after one month of physical therapy. R. 786.  Doctor encouraged her to continue physical therapy and prescribed pain medication. R. 790.

- February 27, 2017 treatment notes showed no complaints of back or neck pain and no musculoskeletal abnormalities were recorded upon the physical examination. R. 795, 797.  Her neck exam was normal without masses or tenderness. R. 797.

- Treatment notes from March 24, 2017, June 9, 2017, and July 7, 2017, showed no complaints of back or neck pain and no musculoskeletal abnormalities were noted in the records. R. 805–07, 822–24, 829–31.

- September 28, 2017 treatment notes detail complaints of lower back pain, muscle tightness in lower to mid back, decreased range of motion, and pain, numbness and tingling in her legs. R. 855.  Examination revealed some tenderness to palpation over the bilateral thoracic and lumbar spine with moderate bilateral paraspinal muscle spasm, and mildly reduced flexion/extension, lateral flexion, and left and right sided rotation. R. 857.  However, straight leg raises were negative, and the treatment was new medication. R. 857–88.

- By October 10, 2017, Rider reported her back pain had stabilized and that her new medication marginally helped but made her feel sleepy. R. 859.  Her range of motion on her spine was normal, although she continued to have tenderness on palpation. R. 862.

- Treatment notes from December 21, 2017 revealed no complaints of neck or back pain and no symptoms or abnormalities were noted upon examination. R. 501, 504, 505.

- January 18, 2018 treatment notes indicated no complains of back or neck pain and no abnormalities were noted upon examination. R. 507, 510, 511.

On this record, the court finds that the ALJ's conclusion about Rider's subjective complaints of neck and back pain is supported by substantial evidence. Rider's medical examinations were largely normal with few abnormalities, the treatment notes show only sporadic complaints of pain, and there was evidence of improvement with medication and treatment. *See Belle v. Barnhart*, 196 F. App'x

558, 560 (11th Cir. 2005) (noting that normal findings on examination support an ALJ's decision to discount subjective complaints); *Dawkins v. Bowen*, 848 F.2d 1211, 1213 (11th Cir. 1988) ("A medical condition that can reasonably be remedied either by surgery, treatment, or medication is not disabling."). Rider's treatment and medication were conservative and noted as effective by her doctors. Additionally, the record reflects that Rider engaged in a somewhat normal level of daily activity, including daily visits to the gym. These activities further undermine her claim of disabling limitations. *See Meehan v. Comm'r of Soc. Sec.*, 776 F. App'x 599, 603 (11th Cir. 2019) (holding ALJ properly found subjective complaint inconsistent with a record of simple daily activities).

Additionally, the record belies Rider's claim that the ALJ did not consider the side effects from her medications, especially her alleged grogginess, in considering her subjective complaints. Instead, the ALJ specifically referenced Rider's alleged side effects (R. 31, 32), but found that the medical record showed few complaints of these side effects, and that her medications were adjusted and reduced to alleviate these concerns when she did complain. R. 32, 786, 790, 806.

In sum, the ALJ correctly considered "the consistency of [Rider's] statements" with the remainder of the evidence. *See* SSR 16-3p, 2017 WL 5180304, at *8. The ALJ's determinations are supported by substantial evidence and this claim is without merit.

## V.  CONCLUSION

For these reasons, the Commissioner's decision is supported by substantial evidence and based upon the proper legal standards.  Accordingly, the decision of the Commissioner is due to be affirmed.  A final judgment will be entered separately.

DONE and ORDERED on May 18, 2021.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE